LAW LIBRARY

NO. 29538

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

DAVID B. MOGILEFSKY, an individual, Plaintiff-Appellant,
v.
COUNTY OF MAUI, Defendant-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 08-1-0243(3))

SUMMARY DISPOSITION ORDER
(By:  Foley, Presiding J., Fujise and Leonard, JJ.)

In this environmental suit, Plaintiff-Appellant David
B. Mogilefsky (Mogilefsky) appeals from the "Judgment in Favor of
Defendant County of Maui Against Plaintiff David B. Mogilefsky"
filed on December 23, 2008 in the Circuit Court of the Second
Circuit (circuit court).[1]  The circuit court entered judgment in
favor of Defendant-Appellee County of Maui (County) pursuant to
the "Findings of Fact, Conclusions of Law, and Decision and Order
Granting Defendant County of Maui's Motion to Dismiss, or, in the
Alternative, Motion for Summary Judgment; and Denying Plaintiff's
Motion for Summary Judgment" entered on December 15, 2008.

On appeal, Mogilefsky contends the circuit court erred
in granting County's July 16, 2008 "Motion to Dismiss Complaint
Filed on May 6, 2008 or, in the Alternative, Motion for Summary
Judgment" (Motion Dismiss/SJ), "resulting in dismissal of the
Complaint with prejudice for failure to state a cause of action."

Upon careful review of the record and the briefs
submitted by the parties and having given due consideration to
the arguments advanced and the issues raised by the parties, as
well as the relevant statutory and case law, we conclude that
Mogilefsky's appeal is without merit.

---

[1]  The Honorable Joseph E. Cardoza presided.

Mogilefsky argues that County violated Hawai'i Administrative Rules (HAR) § 11-200-26[2] by rezoning 670 acres in the Honua'ula/Wailea 670 project without requiring a developer to submit a Supplemental Environmental Impact Statement. County contends the Hawai'i Environmental Policy Act is inapplicable because the enactment of zoning ordinances is not an "agency action" under Hawaii Revised Statutes (HRS) § 343-2 (Supp. 2009).

HAR § 11-200-2 defines "action" as "any program or project to be initiated by an agency or applicant"[3] and "agency" as "any department, office, board, or commission of the state or county government which is part of the executive branch of that government."[4] The Maui County Council (the Council) is a legislative body and is therefore excluded from this definition of "agency."[5]

Article 3 of the Charter of the County of Maui (the Charter) establishes a county council, and § 3-6 of the Charter states that "[t]he council shall be the legislative body of the

---

[2] HAR § 11-200-26, General Provisions, provides:

A statement that is accepted with respect to a particular action is usually qualified by the size, scope, location, intensity, use, and timing of the action, among other things. A statement that is accepted with respect to a particular action shall satisfy the requirements of this chapter and no other statement for that proposed action shall be required, to the extent that the action has not changed substantively in size, scope, intensity, use, location or timing, among other things. If there is any change in any of these characteristics which may have a significant effect, the original statement that was changed shall no longer be valid because an essentially different action would be under consideration and a supplemental statement shall be prepared and reviewed as provided by this chapter. As long as there is no change in a proposed action resulting in individual or cumulative impacts not originally disclosed, the statement associated with that action shall be deemed to comply with this chapter.

[3] County does not qualify as an "applicant" because it is not a "person who, pursuant to statute, ordinance, or rule, officially requests approval from an agency for a proposed action." HAR § 11-200-2. HAR § 11-200-2 defines person as "any individual, partnership, firm, association, trust, estate, private corporation, or other legal entity other than an agency."

[4] HRS § 343-2 and HAR § 11-200-2 define "agency" and "action" identically.

[5] Mogilefsky does not effectively respond to this argument.

2

county." The Charter further states that "[e]very legislative act of the council shall be by ordinance." Id. at § 4-1. Article 6 of the Charter, "Executive Power," establishes a separate and distinct executive branch of the Maui County government. Id. at § 6-1.

In Sandy Beach Defense Fund v. City Council of City & County of Honolulu, 70 Haw. 361, 370, 773 P.2d 250, 257, (1989), the Hawai'i Supreme Court concluded that "the City Council, as the legislative branch of the County, is not subject to the procedural requirements of HAPA [Hawai'i Administrative Procedure Act] when acting in either a legislative or non-legislative capacity." The court based this decision on the plain language of HRS § 91-1 (1993), which expressly excluded the legislative branch, and the legislative history of HRS § 91-1, which also supported the exclusion. Sandy Beach Defense Fund, 70 Haw. at 369-70, 773 P.2d at 256-57.

In the instant case, we read the definition of "agency" as limited to the executive branch. The phrase "which is part of the executive branch of that government" qualifies the types of governmental bodies that are applicable "agencies." Because the Council is not a part of the executive branch of County, it is excluded from this definition. Consequently, County's enactment of Ordinances 3353 and 3354, as legislative acts, does not qualify as an "agency action."

HAR § 11-200-26 is therefore inapplicable to this case. The circuit court properly granted County's Motion Dismiss/SJ.[6]

Therefore,

---

[6] We need not address County's other arguments in support of the circuit court's judgment. These include the following: the enactment of zoning ordinances is not a trigger under HRS § 343-5 (1993 & Supp. 2007), and even if the enactment of the zoning ordinances is an "agency action" under HAR § 11-200-26, the community plan amendment to Honua'ula/ Wailea 670, once adopted, is no longer a "proposed action" under HAR § 11-200-26.

The "Judgment in Favor of Defendant County of Maui Against Plaintiff David B. Mogilefsky" filed on December 23, 2008 in the Circuit Court of the Second Circuit is affirmed.

DATED:  Honolulu, Hawai'i, June 22, 2010.

On the briefs:

David B. Mogilefsky
Plaintiff-Appellant pro se.

Jane E. Lovell,
Deputy Corporation Counsel,
County of Maui,
for Defendant-Appellee.

Presiding Judge

Associate Judge

Associate Judge